**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:05CR00051 ERW |
| | ) (LMB) |
| CLEO JONES, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton [doc. # 39] pursuant to 28 U.S.C. § 636(b). On September 19, 2005, Defendant filed Objections to the Report and Recommendation [doc. #43]. On the following day, September 20, 2005, Defendant filed an Addendum to those Objections [doc. #44]. The Report and Recommendation recommends that Defendant Jones' Motion to Suppress Statements [doc. #22] be denied.

"[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). Defendant Jones objects that: (1) his statement taken on February 22 was taken in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966); (2) his statement taken on February 23 was involuntary; and (3) his right under 18 U.S.C. § 3501 to be brought in front of a magistrate after being federally charged was violated, in part due to collusion between state and

1

federal authorities.

### A. Failure to Give *Miranda* Warning

The Magistrate Judge concluded that when the officers entered Mr. Jones' home to execute the search warrant, the Defendant was not yet in custody, and the routine questions of whether the defendant had anything illegal on his person or on the premises asked prior to issuing *Miranda* warnings was proper. "The requirements of *Miranda* arise only when a defendant is both in custody and being interrogated." *U.S. v. Londondio*, 420 F.3d 777, 783 (8th Cir. 2005). "Interrogation includes both direct questioning by officers and words or actions that officers should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* (internal quotations omitted). The Court will assume that Defendant was interrogated.

The issue to be resolved in this case is whether Defendant was "in custody" at the time of the interrogation. "Two discrete inquiries are essential to the determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." *U.S. v. Martin*, 369 F.3d 1046, 1056 (8th Cir. 2004) (quoting *U.S. v. LeBrun*, 363 F.3d 715, 720 (8th Cir. 2004)). "In other words, the question is whether, viewing the totality of the circumstances, a reasonable person would have believed that the police curtailed his or her freedom of movement to a 'degree associated with formal arrest.'" *U.S. v. Czichray*, 378 F.3d 822, 831 (8th Cir. 2004). First, the district court shall analyze the circumstances surrounding the interrogation including:

> (1) whether law enforcement informed the suspect the questioning was voluntary, and the suspect was free to leave and was not under arrest; (2) whether the suspect had unrestrained freedom of movement during the questioning; (3) whether the suspect contacted the authorities or voluntarily agreed to official requests to answer questions; (4) whether law enforcement employed strong-arm tactics or

> deceptive stratagems during questioning; (5) whether the atmosphere of the interrogation was police dominated; or (6) whether law enforcement placed the suspect under arrest at the end of questioning.

*U.S. v. Plumman*, 409 F.3d 919, 924 (8th Cir. 2005). "No one consideration is dispositive on the question of custody, nor must all of the matters considered weigh in favor of the defendant before a finding that the defendant was in custody is warranted." *Czichray*, 378 F.3d 822, 831 (8th Cir. 2004). However, courts have noted that "no governing precedent of the Supreme Court or this court has yet held that a person was in custody after being clearly advised of his freedom to leave or terminate questioning. *U.S. v. Brave Heart*, 397 F.3d 1035, 1039 (8th Cir. 2005) (internal quotations omitted). Specifically, courts are required to look at "the objective circumstances of the interrogation rather than the subjective views harbored by either the interrogating officers or the person being questioned." *Brave Heart*, 397 F.3d at 1038 (internal quotations omitted).

In *United States v. Axsom*, the Eighth Circuit found that defendant was not "in custody" in circumstances very similar to the circumstances in this case. 289 F.3d 496 (8th Cir. 2002). In *Axsom*, defendant moved to suppress statements that he made during an interrogation while his home was being searched pursuant to a warrant. *Id*. In that case, a warrant was issued to search defendant's home for child pornography. *Id.* at 497. Nine federal agents searched the residence while defendant was directed to sit on his couch. *Id*. One of the agents informed defendant that he was not under arrest, but the officer was interested only in speaking with him. *Id.* at 498. During the hour long interrogation regarding his internet habits, defendant made admissions relating to the downloading of child pornography. *Id*. During the interrogation, defendant had limited mobility around his home; however, he was escorted to the bathroom and bedroom, and rather than allow him to get his own glass of water, an agent went to kitchen for him. *Id*. The agents were concerned for their safety

3

because there were several guns and swords in plain view in the home. *Id.* at 497. Also during the search, agents found a small amount of marijuana and contacted the local authorities. *Id*. at 498. After the search ended however, the agents did not arrest defendant. *Id*. at 502. The district court suppressed the statements. *Id.* at 497. The Eighth Circuit reversed, holding that the defendant's "freedom was not restrained to a degree associated with formal arrest" and thus, that defendant was not "in custody" for purposes of a *Miranda* analysis. *Id.* at 502.

In this case, that Magistrate Judge cited to several factors indicating Defendant was not "in custody." Specifically, the Defendant was (1) not in handcuffs; (2) not restricted in any way, (3) told that he was not under arrest; and (4) cooperative. Further, the Magistrate Judge found that the atmosphere was "cordial." Defendant argues that the Magistrate did not consider that the search of Defendant's home was the culmination of a long investigation and that the officers knew Defendant and planned on arresting him; that the atmosphere could not have been "cordial" since numerous armed law enforcement officials were searching his home; that the officers had obtained a no-knock warrant because the officers were worried about their safety when Defendant was suspected of having a gun and being mentally unstable; and that contraband was found on Defendant's person.

After considering all the circumstances related to the interrogation, this Court finds that Defendant was not "in custody" when he was asked whether he had anything illegal on his person or in his home. First, and most importantly, Seargent McClendon, who was present at the scene testified during the evidentiary hearing that he informed Defendant that he was not under arrest and that the Defendant was not restricted in any way. Second, Defendant was not handcuffed and sat on a bar stool by himself. Third, although Defendant clearly did not initiate contact with the authorities, he was cooperative. Fourth, although there were several officers present, it is not clear that they used

4

any strong-arm tactics. Plus, as the court noted in *Axsom*, "[w]hen a suspect is interrogated in the comfort and familiarity of his home, a court is less likely to find the circumstances custodial." *Id.* at 502. The fifth and sixth factors weigh in favor of Defendant since the atmosphere could be described as police-dominated, and he was arrested shortly after being asked the questions.

This case is very similar to *Axsom*, with the exception that Defendant was arrested following the questioning in this case. In both cases: the defendants were questioned while numerous law enforcement officials searched their homes pursuant to a warrant; the officers indicated that defendants were not under arrest and were not completely restricted in movement; defendants were not handcuffed; the officers had concerns for their safety because of guns in the home; defendants were cooperative and answered the officers' questions; and contraband was found during the search of both homes. Based on the circumstances surrounding his interrogation, this Court agrees with the Magistrate Judge that Defendant's freedom was not restrained to a degree associated with formal arrest, and thus, it was not necessary for the officers to issue *Miranda* warnings prior the questioning.

B. Voluntariness of Statement

Defendant objects to the Magistrate Judge's finding that his statements were voluntary. Defendant argues that: (1) the Government did not prove that an officer read Defendant the *Miranda* warnings or that Defendant indicated that he understood them and (2) his will was overborne during the interrogation by the Government's use of "psychological pressure tactics."

Defendant argues that the Government did not meet its burden of demonstrating that the officers informed Defendant of his *Miranda* rights. The Magistrate Judge determined that the Government had met its burden because Seargent McClendon testified that he personally recited the *Miranda* warnings to Defendant and required him to verbally indicate whether or not he understood

those warnings. Furthermore, Defendant produced no evidence that the warnings were not given or that he did not understand the warning. Defendant objects, speculating that it is mysterious that the Government never "thought to use a standard 'warning and waiver' form." This Court finds that the Magistrate Judge properly held that the testimony of Seargent McClendon was sufficient to demonstrate that Defendant was read his *Miranda* rights, in spite of Defendant's factually unsupported speculation regarding the Government's failure to use a waiver form.

Next, Defendant argues that, assuming *arguendo*, the Government informed him of his *Miranda* rights, his waiver of those rights was not voluntary because his will was overborne. Defendant argues that his will was overborne because (1) he was detained for 20 hours prior to being interrogated; (2) he was worried and slept little prior to being questioned; (3) he suffers from diabetes and other physical ailments; (4) he was interrogated by two (initially, three) experienced law enforcement officers; (5) Defendant was misled by the officers when they told him that he was not a target of their investigation; and (6) Defendant has very limited education. The Magistrate Judge correctly noted that the totality of the circumstances is the appropriate test for determining if Defendant's will was overborne during a interrogation. *See United States v. Rodriguez-Hernandez*, 353 F.3d 632, 636 (8th Cir. 2003); *United States v. Meirovitz*, 918 F.2d 1376, 1380 (8th Cir. 1990). Specifically, the court must determine whether a defendant's will was overborne by considering both "the conduct of law enforcement officials and the capacity of the suspect to resist pressure to confess." *Id*. at 1379. *See also U.S. v. Mancias*, 350 F.3d 800, 805 (8th Cir. 2003).

In analyzing the conduct of the officers, the court must determine "whether the confession was extracted by threats, violence, or direct or implied promises, such that the defendant's will [was] overborne and his capacity for self-determination critically impaired." *U.S. v. Goodwin*, 242 F.3d 377

6

(8th Cir. 2000) (quoting *United States v. Kilgore*, 58 F.3d 350, 353 (8th Cir.1995)). "[A] promise made by law enforcement does not render a confession involuntary per se. *U.S. v. LeBrun*, 363 F.3d 715, 725 (8th Cir. 2004) (quotiong *Simmons v. Bowersox*, 235 F.3d 1124, 1134 (8th Cir. 2001); *see also Tippitt v. Lockhart*, 859 F.2d 595, 598 (8th Cir. 1988) (concluding that defendant's confession was voluntary despite officers' promise). "A promise is merely one factor in the totality of the circumstances." *Id.* Indeed, officers use many tactics to elicit confessions "including claiming not to believe a suspect's explanations, making false promises, playing on a suspect's emotions, using his respect for his family against him, deceiving the suspect, conveying sympathy, and even using raised voices." *U.S. v. Astello*, 241 F.3d 965, 967-68 (8th Cir. 2001). "None of these tactics render a confession involuntary, however, unless the overall impact of the interrogation caused the defendant's will to be overborne." *Brave Heart*, 397 F.3d at 1041 (internal quotations omitted); *see also U.S. v. Otters*, 197 F.3d 316, 317 (8th Cir. 1999) (defendant's will not overborne when he had only "agreed to cooperate with the officers because he understood no state or federal charges would be filed, and that the officers told him he would 'probably walk free' if he helped them"); *Sumpter v. Nix*, 863 F.2d 563, 565 (8th Cir. 1988) (confession not involuntary when interrogation lasted seven and one-half hours, defendant had an IQ of 89, the officer made references to defendant's wife to elicit emotional response, and officers made implied promises of leniency); and *U.S. v. Burgard*, 551 F.2d 190, 194 (8th Cir. 1977) (interrogation not coercive when defendant was denied communication with his wife, was given misleading information, and was intimidated by suggestions that as a law officer his safety would be in jeopardy if he were in jail).

The court considers factors such as: the education and IQ of defendant, how long defendant was interrogated, the manner and nature of questions asked during the interrogation, and the

7

defendant's age when determining whether the defendant had the capacity to resist pressure of the interrogating officers. *See Simmons v. Bowersox*, 235 F.3d 1124, 1133 (8th Cir. 2001) and *United States v. Turner*, 157 F.3d 552 (8th Cir. 1998).

In this case, the Magistrate Judge considered both the conduct of the officers and the ability of defendant to resist pressure of the officers during the interrogation. First, the Magistrate properly found that by comparison, the interrogation of Defendant was quite short; it was not a protracted interrogation intended to wear down Defendant. In fact, as the Magistrate Judge pointed out, instead of interrogating him on the evening of February 22, 2005 after his home was searched and he was arrested, he was permitted time to rest and consider how he would answer the officers' questions the next day. Even if Defendant chose not to sleep that evening and was instead worrying about the day to come, he was given time to rest, away from the police officers and their questions. The Magistrate Judge discussed the officers' relevant knowledge of Defendant's diabetes and other physical ailments. Beyond the discussion by the Magistrate, it is unclear exactly how these ailments would impact Defendant during this short interrogation. The Magistrate Judge also extensively discussed Defendant's intelligence level as it related to his ability to voluntarily waive his *Miranda* rights. The Magistrate noted the existence of various cases relating to waivers that were given by persons with limited schooling, limited intellectual ability including limited reading and writing skills. However, as the Magistrate noted, Defendant has had experience with waiving his *Miranda* rights in a prior situation. Thus, he does have some familiarity with the process and implications of waiving *Miranda* rights.

Finally, it appears that Defendant objects most strenuously regarding the Magistrate's finding that Defendant was not deceived during his interrogation when the officers indicated that Defendant

8

was not their primary target. This Court holds the Magistrate's finding that the officers' hope that Defendant's interrogation "would lead to what were described as 'bigger fish,' is logical and supported by the record. However, assuming that Defendant was misled, this fact is not determinative on the issue of whether Defendant's waiver was voluntary. The officers statements are not so coercive as to critically impair Defendant's capacity for self-determination. *U.S. v. Goodwin*, 242 F.3d 377. After independently analyzing the conduct of the officers and the Defendants ability to resist manipulation, this Court finds that Defendant's waiver was voluntary.

C. Rights under 18 U.S.C. § 3501

Defendant claims that he should have been brought before a magistrate judge when he was arrested on February 22, 2005. He argues that the Government had a duty to present him to a magistrate even though he was being held on state law grounds because the state and federal government were in collusion to deprive him of his federal rights. *See United States v. Jensen*, 561 F.2d 1297, 1299 (8th Cir.1977) (holding that defendant can invoke federal law if he can show that "a federal-state working arrangement [was] used to circumvent the requirement that an arrestee be taken before a magistrate without unnecessary delay"). The Magistrate thoroughly documented and analyzed the facts in the record as they relate to the relationship of the state and federal government in this case finding that there was only "routine cooperation between local and federal authorities." Defendant argues essentially the same thing to this Court as he argued to the Magistrate Judge. He claims collusion existed, evidenced by the fact that the federal authorities were considering bringing charges the entire time. However, this Court notes that State authorities will not be necessarily acting in collusion with federal officials just because they

> believe or have cause to believe that the person also may have violated federal law.

9

> Such a belief, which may not be uncommon given that many activities are criminalized under both state and federal law, does not alter the underlying basis for the arrest and subsequent custody. As long as a person is arrested and held only on state charges by state or local authorities, the provisions of § 3501(c) are not triggered.

*U.S. v. Alvarez-Sanchez*, 511 U.S. 350, 358 (1994). In this case, after analyzing the facts and law in this case, this Court holds that the Magistrate Judge properly held that there was no collusion between state and federal officials in order to avoid affording Defendant protections under federal law.

After review of the record and consideration of the issues, the Court hereby sustains, adopts and incorporates herein the magistrate's Report and Recommendation, as supplemented by the above analysis.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Statements [doc. #22] is **DENIED**.

Dated this 7th day of October, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE